Charles Margett, J.
This is a proceeding pursuant to section 964 of the Penal Law to enjoin the respondent from making use of the term ‘ ‘ speed-dry as a corporate or trade name or trademark, whether along with or in connection with any other word or words ”.
There is no evidence that the respondent uses the term “ Speed-Dry” as a corporate name. Petitioner uses the term ‘ ‘ Speedry ’ ’ in the advertising, packaging and labeling of its enamel paint-marking devices. Respondent, a manufacturer and distributor of plastic toys, model kits and sets for the assem *107 bly thereof, labels and sells such enamels as “ Speed-Dry Enamel Paints ”. The name “ Aurora ” and “ Aurora Plastics Corp.” appear on the label of the enamel paints offered for sale.
When in April, 1959, petitioner’s exclusive Boston distributor called its attention to the respondent’s use of the term “ Speed-Dry ” as aforesaid, petitioner’s patent and trade-mark counsel demanded that respondent cease using that term on its labels, packaging and advertising as well as the same type of “ Logo ” or background. Respondent then agreed to change such background, and, following extensive correspondence, the matter was turned over to present counsel.
This court is of the opinion that in view of the difference in products and appearance of labels and the use by respondent of its own trade-mark ‘ ‘ Aurora ’ ’ on its packages, petitioner has not made out a case for the application of the summary and sweeping relief contemplated by section 964 of the Penal Law. It has not been conclusively established by the papers now before the court that the use of the term ‘ ‘ Speed-Dry ’ ’ was intended and had the effect of deceiving or misleading the public as to the identity of the firm selling the product.
The motion is accordingly denied without prejudice, however, to such plenary action as petitioner may be advised to institute. Submit order.